## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **REVERSE MORTGAGE SOLUTIONS, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 2016-0072** |
| **FRANCIS E. CHARLES; THERESA J. CHARLES; AMERICUS MORTGAGE CORPORATION f/k/a ALLIED HOME MORTGAGE CAPITAL CORP.; THE UNITED STATES OF AMERICA, acting through its agency, The Department of Housing and Urban Development,** | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

**Attorneys:**

**Robert Preston Wood, Esq.**
Columbia, SC
     *For Plaintiff*

**Angela Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
     *For the United States of America*

## <u>MEMORANDUM OPINION</u>

**Lewis, Senior District Judge**

     THIS MATTER comes before the Court on the "Motion for Judgment of Foreclosure and Sale" ("Motion") filed by Plaintiff Reverse Mortgage Solutions, Inc. ("Plaintiff"). (Dkt. No. 46). Plaintiff seeks default judgment against Defendants Francis E. Charles and Theresa J. Charles (collectively, "the Charles Defendants"), as well as Americus Corporation f/k/a Allied Home Mortgage Capital Corporation ("Americus"). Plaintiff also seeks summary judgment against Defendant United States of America, acting by and through its agency, the Department of Housing

and Urban Development ("HUD"). For the reasons discussed below, the Court will grant in part and deny in part Plaintiff's Motion.

## I.    BACKGROUND

On March 14, 2016, Plaintiff filed a Complaint against the Charles Defendants and HUD in the Superior Court of the Virgin Islands, St. Croix Division, alleging causes of action for debt and for foreclosure of a mortgage on real property. (Dkt. No. 1-1 at ¶¶ 7-23). The action was removed to this Court on October 25, 2016 by HUD pursuant to 28 U.S.C. § 1444. (Dkt. No. 1).

In the Complaint, Plaintiff alleges that the Charles Defendants executed an Adjustable-Rate Home Equity Conversion Note ("the Note") and Loan Agreement on or about November 18, 2009, in which they promised to pay Americus in the principal amount of $199,500.00. (Dkt. No. 1-1 at ¶ 7). To secure payment on the Note, on the same day, the Charles Defendants executed and delivered a Mortgage in favor of Americus. *Id.* at ¶ 8. The Mortgage placed a lien on real property described as:

> Plot No. 372 (5,227 sq. ft) of Estate Strawberry Hill, Queen Quarter, St. Croix, U.S. Virgin Islands, as more fully shown on OLG Drawing No. 2733-G dated November 1, 1971

("the Property"). *Id.* at ¶ 4. The Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix on November 23, 2009. *Id.* at ¶ 9. According to the Complaint, Americus subsequently sold the Note and Mortgage to Plaintiff, and Plaintiff alleges that it is the holder of the Note and Mortgage. *Id.* at ¶¶ 11, 14.

Plaintiff further alleges that the Charles Defendants defaulted under the Note and Mortgage by failing to maintain insurance on the Property.[1] *Id.* at ¶ 18. By letter dated September 25, 2015,

---

[1] The terms of the Mortgage provide that the "Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire." (Dkt. No. 1-1 at 15).

Plaintiff sent a Notice to the address on file stating that the loan was under default due to the Borrowers' failure to pay insurance. (Dkt. No. 52-4; 52-5). Due to this default, Plaintiff elected to accelerate the amount due under the Note and the Mortgage. *Id.* at ¶ 19. In the Complaint, Plaintiff acknowledges that any right to a deficiency judgment against the Charles Defendants is waived under the terms of the Note and Mortgage. *Id.* at ¶ 22.

On November 1, 2018, Plaintiff filed a "Motion for Judgment of Foreclosure and Sale" together with an Affidavit in Support ("Affidavit"). (Dkt. Nos. 46, 47). In the Affidavit, Elizabeth Ruiz, Authorized Signer for Plaintiff, attests that the Charles Defendants defaulted under the terms of the Note by failing to maintain casualty insurance on the Property. (Dkt. No. 47 at ¶ 10). Ruiz asserts that due to this default, the amount due under the Note and Mortgage became accelerated; Plaintiff has been required to pay insurance premiums, taxes, and other charges on the Property; and Plaintiff will continue to make such payments through the date of the Marshal's Sale. *Id.* at ¶¶ 13, 14. In addition, the Affidavit sets forth the amount due and owing through October 31, 2018 as $112,931.95. *Id.* at ¶ 19.

Plaintiff also argues that the procedural elements for default judgment against the Charles Defendants and Americus have been satisfied because: the Charles Defendants were properly served with the Complaint; the Clerk entered default against the Charles Defendants and Americus; the Charles Defendants are not infants or incompetent persons; and the Charles Defendants are not engaged in military service. (Dkt. No. 46 at 2-3). Plaintiff also contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that the Charles Defendants executed the Note and the Mortgage; Plaintiff is the holder of the Mortgage and is authorized to foreclose on the property mortgaged as security

for the Note; the Charles Defendants defaulted under the terms of the Note and Mortgage; and the Charles Defendants were given proper notice of the default. *Id.* at 3.

With respect to summary judgment, Plaintiff asserts that "[HUD] holds a second-position interest in the Property." (Dkt. No. 47 at ¶ 8). Plaintiff states that it has no objections to HUD's request in its Answer that the Judgment honor HUD's one-year right of redemption pursuant to 28 U.S.C. § 2410(c) and 26 U.S.C. § 7425 and that HUD is entitled to the remaining proceeds of the Marshal's Sale after all prior liens are satisfied. (Dkt. No. 46-1).

On February 9, 2018, the Magistrate Judge stayed the instant action following notice by Plaintiff that the Mortgage was subject to a HUD disaster foreclosure moratorium. (Dkt. No. 24). Then, on March 28, 2018, the Magistrate Judge granted Plaintiff's Motion to Stay pending a repayment plan agreement between Plaintiff and the Charles Defendants. (Dkt. No. 29). Following Plaintiff's filing of the instant Motion for Default Judgment, Plaintiff filed another Motion to Stay pending loss mitigation review. (Dkt. No. 54). Upon Motion of Plaintiff, the Magistrate Judge issued an Order lifting the stay on July 10, 2019. (Dkt. No. 59).

On September 20, 2023, Plaintiff filed an "Affidavit of Missing Assignment" signed by Yanique Atkinson Edwards, Coordinator for PHH Mortgage Corporation. (Dkt. No. 74-2). The Affidavit of Missing Assignment states that "[t]hrough clerical error and oversight [Americus], failed to execute and record an Assignment … from [Americus] to Reverse Mortgage Solutions, Inc., or the Assignment is missing, misplaced, or lost." *Id.* at 1. The Affidavit also states that "[Americus] is no longer in business and no longer exists, and as such an Assignment from [Americus] to Reverse Mortgage Solutions, Inc. cannot reasonably be obtained." *Id.* at 2.

4

On August 1, 2025, in response to the Court's Order, Plaintiff filed a Supplemental Affidavit of Indebtedness.[2] (Dkt. No. 95). In the Supplemental Affidavit, Talya Lopez ("Lopez"), Contract Management Coordinator, asserts that the following amounts are due: principal balance of $66,091.79; accrued interest through June 30, 2025 of $76,738.43; intra-month per diem total through July 31, 2025 of $1,081.35; corporate advances (flood insurance, hazard insurance, property inspection fees, taxes, recording fees, title examination fees, attorneys' fees and expenses) of $35,443.34; mortgage insurance premium of $8,971.35; and service fees of $6,580.00. *Id.*

To date, neither the Charles Defendants nor Americus have appeared in this action.

## I.    APPLICABLE LEGAL PRINCIPLES

### A.    Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir.*

---

[2] The Note provides that "the interest rate will be based on an Index," which is defined as "the average of interbank offered rates for one-month U.S. dollar-denominated deposits in London market ("1-month USD LIBOR rate"). (Dkt. No. 70-1 at ¶ 5(B)). In light of the phase-out of the 1-month USD LIBOR rate on June 30, 2023, the Court ordered Plaintiff to file a memorandum explaining whether there had been any change to the Index as defined in the Note, and to provide a supplemental Affidavit of Indebtedness reflecting the total accrued interest, including any interest that may have been calculated using the new Index, as of March 31, 2024. (Dkt. No. 75 at 2).

*Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess three factors when determining whether a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain v. Giampapa*, 210 F.3d at 164).

B.     **Summary Judgment**

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also King v. Police and Fire Federal Credit Union*, Civil Action No. 16-6414, 2019 WL 2226049 at *4 (E.D. Pa. May 22, 2019). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

6

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (citations omitted). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (internal citations and quotation marks omitted).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248.

## III.     DISCUSSION

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

**A.      Default Judgment against the Charles Defendants and Americus**

The factual allegations of the Complaint and the Motion for Default Judgment, as supported by the accompanying documents, set forth all the necessary elements to entitle Plaintiff to default judgment against the Charles Defendants and Americus. Plaintiff has provided evidence to establish the elements of its foreclosure action against each of the Charles Defendants. Specifically, Plaintiff has shown that: (1) the Charles Defendants executed and delivered the Note and Mortgage dated November 18, 2009 (Dkt. Nos. 52-1; 52-2; 52-3) and (2) the Charles Defendants are in default under the terms of the Note and the Mortgage by failing to maintain casualty insurance on the Property (Dkt. Nos. 52-4; 52-5).

Plaintiff has also demonstrated that it has possession of the Note, which provides that Plaintiff is entitled to foreclose its lien on the Property (Dkt. No. 52-2 at 2). With regard to the Mortgage, Plaintiff filed an Affidavit of Missing Assignment attesting that Americus failed to execute and record an "'Assignment of Home Equity Conversion Loan Agreement' from Americus to Plaintiff, or the Assignment is missing, misplaced, or lost." (Dkt. No. 72-2). Further, Plaintiff has provided a copy of a title search dated September 5, 2023 reflecting, *inter alia*, that a Mortgage was recorded against the Property in favor of Americus on November 23, 2009 and that Plaintiff recorded a Notice of *Lis Pendens* against the Property on November 2, 2016. (Dkt. No. 74-1). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Charles Defendants and Americus. It has properly shown that: and (1) the Charles Defendants and Americus were validly served with

process (Dkt. No. 20-2); (2) the Charles Defendants and Americus have not appeared in this action; (3) default was entered against the Charles Defendants and Americus by the Clerk of Court on August 4, 2017 (Dkt. No. 21); and (4) the Charles Defendants are not infants nor incompetent persons (Dkt. No. 9 at ¶ 3). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Francis E. Charles and Theresa J. Charles are not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 9-2).

Plaintiff must also show with specificity how it calculated the amount of the judgment. Based on the Affidavit and supporting documentation provided, Plaintiff is entitled to a judgment in the amount of $191,442.63 consisting of a principal balance of $66,091.79; accrued interest through June 30, 2025 of $76,738.43; intra-month per diem total through July 31, 2025 of $1,081.35; per diem from August 1, 2025 through the date of Judgment of $262.92[3]; corporate advances (flood insurance, hazard insurance, property inspection fees, taxes) of $31,716.79; mortgage insurance premium of $8,971.35; and service fees of $6,580.00.

The Court has deducted attorneys' fees and expenses from the corporate advances above. While Lopez attests in the Supplemental Affidavit that the reports "do not reflect unpaid attorney's fees and attorney's costs" (Dkt. No. 95 at 2) a footnote within the affidavit states that the corporate advances do include such expenses (*id* at 2 n.2). Further, the Loan Balance History Report reflects that the corporate advances include attorneys' fees and other expenses, without showing that these

---

[3] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $43.82 from August 1, 2025 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $43.82 per diem rate *x* 6 days = $262.92.

expenses have been credited against the Charles Defendants' account, such that they are not included in the calculations.[4]

Further, although Plaintiff has shown how it calculated the amount of the Judgment, it has not provided the appropriate documentation to support the requested attorneys' fees in the amount of $2,025.00. "[T]he information needed to support such a request includes an identification of the attorneys providing the legal services; a description of the services provided; the amount of time spent by counsel on the various tasks included in the services rendered; and the attorneys' hourly rate(s)." *Ditech Fin., LLC v. Mullen*, Civil Action No. 2012-0005, 2019 WL 6718666, at *4 (D.V.I. Dec. 9, 2019). Therefore, without proper documentation, the Court is unable to determine whether the amount of fees sought is in fact recoverable. Accordingly, the Court will deny, without prejudice, the portion of the recoverable balance itemized as attorneys' fees in the amount of $2,025.00.

Moreover, the Court will also deny, without prejudice, the portion of Corporate Advances labeled "Corp Adv – S307 – Recording Fees" in the amount of $30.25; "Corp Adv – S307 Title Examination Fees" in the amount of $350.00"; and "Corp Adv – S307 – Other" in the amount of $1,321.30, totaling $1,701.55. With regard to the corporate advance sum for recording fees and title examination fees, Plaintiff's request for such fees should be accompanied by the proper invoices in accordance with the Local Rule 54.1(b).[5] *See, e.g.*, *Matrix Fin. Servs. Corp. v. Audain*, Civil Action No. 2016-0066, 2023 WL 4418238, at *7 (D.V.I. July 10, 2023) (denying plaintiff's requests for expenses without prejudice where plaintiff did not attach invoices from the vendors).

---

[4] For example, the Loan History Report reflects where adjustments were made for monthly interest. The same is not shown for the attorneys' fees and expenses that are listed.

[5] Local Rule 54.1(b) provides, in part, that "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."

For the corporate advance sum labeled as "Other," without further information, the Court cannot assess the reasonableness of such expenses and whether they are allowed pursuant to the terms of the Note and Mortgage.

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the Charles Defendants' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Charles Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc., et al*., Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

In view of the foregoing, Plaintiff has established that default judgment is appropriate against the Charles Defendants and Americus.

## B.    Summary Judgment Against HUD

Plaintiff also argues that it is entitled to summary judgment against HUD, stating that it has a second priority interest in the Property. The Court must first determine whether Plaintiff's Mortgage was recorded prior to the liens filed by HUD against the Property.

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, Civil Action No. 2012-0009, 2016 WL 447843, at *7 (D.V.I. Feb. 4, 2016). Thus, an earlier recorded instrument takes priority over a later filed instrument. *See Moco Inves., Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010). Based

11

on the record, both Plaintiff's and HUD's liens were recorded on November 23, 2019. (Dkt. No. 1-1 at pp. 22, 25). While recorded on the same day, Plaintiff's lien was recorded at 12:14 p.m. while HUD's lien was recorded at 12:17 p.m.[6] Because Plaintiff's lien was recorded prior to HUD's lien, the Court finds that Plaintiff has a first priority lien, while HUD has a second priority lien on the Property.

Accordingly, Plaintiff is entitled to summary judgment in favor of Plaintiff and against HUD as to the priority of the liens on the Property.

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part Plaintiff Reverse Mortgage Solutions, Inc.'s "Motion for Judgment of Foreclosure and Sale" (Dkt. No. 46) against Defendants Francis E. Charles, Theresa J. Charles, and Americus Mortgage Corporation f/k/a Allied Home Mortgage Capital Corp. In this regard, the Court will award Judgment in favor of Plaintiff and against the Charles Defendants in the amount of $191,442.63 consisting of a principal balance of $66,091.79; accrued interest through June 30, 2025 of $76,738.43; intra-month per diem total through July 31, 2025 of $1,081.35; per diem total from August 1, 2025 through the date of Judgment of $262.92; corporate advances (flood insurance, hazard insurance, property inspection fees, taxes) of $31,716.79; mortgage insurance premium of $8,971.35; and service fees of $6,580.00. The Court will deny, without prejudice, the attorneys' fees in the amount of $2,025.00 and the expenses listed as "Corp Adv – S307 – Recording Fees" in the amount of $30.25; "Corp Adv – S307 Title Examination Fees" in the amount of $350.00; and "Corp Adv –

---

[6] To determine the priority of the liens, the Court accessed the United States Virgin Islands' Recorder of Deeds website to review HUD's mortgage. *See* United States Virgin Islands Recorder of Deeds, https://ltg.gov.vi/departments/recorder-of-deeds/ (last accessed August 6, 2025). Plaintiff's counsel is advised, however, that it is counsel's responsibility to file all the pertinent documents on the docket—including documents relating to the priority of the liens.

S307 – Other" in the amount of $1,321.30, totaling $1,701.55 that are included in Plaintiff's requested corporate advances.

The Court will enter summary judgment in favor of Plaintiff and against HUD, finding that Plaintiff's mortgage lien on the Property is a first priority lien and HUD's lien on the Property is a second priority lien.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: August 6, 2025

_____/s/_____
WILMA A. LEWIS
Senior District Judge